70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Conchita WASHINGTON, Plaintiff-Appellant,
v.
WISHARD MEMORIAL HOSPITAL, CUSTODIAN OF RECORDS; Wishard
Memorial Hospital; Jane Doe(s); John Doe,
Defendants-Appellees.
 No. 95-5266.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; DAUGHTREY and OAKES,* Circuit Judges.
 
 ORDER
 
 2
 Conchita Washington, an individual presently confined at the Federal Medical Center in Lexington, Kentucky, appeals a district court order dismissing her civil rights action filed pursuant to 42 U.S.C. Sec. 1983, pursuant to the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552. The named defendants are the Custodian of Records of the Wishard Memorial Hospital, the Wishard Memorial Hospital, and Jane and John Doe unnamed defendants. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Washington alleged that since April 1991, she has repeatedly requested, apparently of officials at the Wishard Memorial Hospital, that she be provided with her medical history which she apparently thinks is in their possession. She further asserted that on June 20, 1994, she requested her medical records from the defendants pursuant to the FOIA and that instead of responding to her requests, the defendants sent the FOIA request form and "a couple of pages" to the Medical Records Department of the Federal Medical Center and not to Washington. Washington asserted that she did not know that such response had been made until she reviewed her medical records in August 1994. She claims that the defendants' refusal to provide her with her medical history violated her constitutional rights.
 
 
 4
 A magistrate judge issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Despite Washington's objections, the district court adopted the report and recommendation as the opinion of the court.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion when the court dismissed Washington's complaint as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 6
 The district court did not abuse its discretion when the court dismissed Washington's complaint brought under Sec. 1983. To state a viable Sec. 1983 claim, a plaintiff must allege that: 1) she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994).
 
 
 7
 To the extent Washington's complaint was brought pursuant to Sec. 1983, the complaint lacked an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). In order to be subject to suit under Sec. 1983, the defendants' conduct must be fairly attributable to the state, Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmett County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991); that is, the challenged action must have been taken under color of state law. See generally NCAA v. Tarkanian, 488 U.S. 179, 191 (1988); Rendell-Baker, 457 U.S. at 838. Washington's complaint charges purely private conduct, conduct not reached by Sec. 1983. Washington's claim that the defendant hospital contracts with state and federal agencies to provide medical services to prisoners is unavailing because she never alleged that she received care from the defendant hospital while she was in the custody of the Bureau of Prisons. Because Washington failed to set forth how any of the named defendants could be said to have acted under color of state law, her complaint brought under Sec. 1983 was properly dismissed as frivolous.
 
 
 8
 Likewise, to the extent Washington's complaint is brought as a Bivens action, it was properly dismissed as frivolous because Washington failed to plead facts to establish that any of the named defendants were acting under color of federal law. See Bivens, 403 U.S. at 392.
 
 
 9
 Finally, the district court did not abuse its discretion when it dismissed Washington's claims under the FOIA. Washington claimed that the defendants violated the FOIA by not responding to her requests for her medical records. However, the FOIA is applicable only to federal agencies. 5 U.S.C. Sec. 551(1); Butler v. Tennessee Bureau of Investigation, No. 94-5082, 1994 WL 194272, at * 1, 1994 U.S.App. LEXIS 11555, at * 3 (6th Cir. May 16, 1994). In this case, the named defendants--the Custodian of Records of the Wishard Memorial Hospital, the Wishard Memorial Hospital, and unnamed and uncharacterized defendants--do not fall within the definition of an agency. See 5 U.S.C. Sec. 551(1)(A)-(H). Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation